In re Martha L. PHIMMASONE, Debtor.

Martha L. Phimmasone, Plaintiff,

v.

American General Finance, Inc., Defendant.

Bankruptcy No. 5–99–00008.
Adversary No. 5–99–00061A.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

April 18, 2000.

Kerry D. Armentrout, Harrisonburg, VA, for debtor.

Grant A. Richardson, Bridgewater, VA, for American General Finance, Inc.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

Martha L. Phimmasone (hereinafter, "Debtor") brought the above-captioned adversary proceeding to avoid and recover a preferential transfer which occurred when American General Finance (hereinafter, "American") allegedly received $1,200.00 in garnished wages from the Debtor's employer, WLR Foods, Inc., in satisfaction of a portion of an unsecured debt which was discharged in the debtor's bankruptcy. The issue of Debtor's entitlement to avoid under 11 U.S.C. § 547 and recover under 11 U.S.C § 550 was briefed, and both parties were heard in oral argument on February 9, 2000. For the reasons stated in this memorandum opinion, the Debtor's Motion to Avoid Preferential Transfer [1] is denied.

### Factual and Procedural Background

The Debtor filed a voluntary Chapter 7 petition on January 4, 1999, and received her discharge on April 12, 1999. The case was closed on April 30, 1999.

The Debtor filed a duly executed Homestead Deed on February 16, 1999, exempting wages being garnished by American, an unsecured creditor. However, American received $1,200.00 in garnished wages on or about March 16, 1999 [2].

---

1. The pleading is titled "Motion" but is, in fact, an adversary proceeding brought under Part 7 of the Federal Rules of Bankruptcy Procedure.

2. American disputes the amount of the garnishment, but the amount is irrelevant to the Court's ruling.

The Debtor filed a Motion to Reopen on October 1, 1999, and pursuant to an Order dated October 5, 1999, conditioning reopening on the payment of the appropriate filing fee, the case was reopened on October 19, 1999. The Debtor filed this adversary proceeding on November 4, 1999.

A hearing was held on December 29, 1999, and it became clear to the Court that the dispositive issue in the case is the applicability of 11 U.S.C. § 550(f)(2) as a statute of limitations to bar the Debtor's attempt to recover the garnished funds.

### Discussion

■ 11 U.S.C. § 550(f) reads:

"An action or proceeding under this section may not be commenced after the earlier of—(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) the time the case is closed."

§ 550 deals with the trustee's recovery of an asset pursuant to avoidance of a transfer under § 544, § 545, § 547, § 548, § 549, § 553(b), or § 724(a). A debtor may step into the shoes of the Trustee and avoid a transfer pursuant to § 522(h)[3]. § 522(i)[4] imposes the limitations of § 550 on a debtor seeking to recover an avoided transfer.

In the present case, the Debtor is proceeding under § 547(b) pursuant to § 522(h) to avoid the garnishment of wages by American. The question before the Court is whether the time limitation of § 550(f)(2) bars the debtor from proceeding to avoid and recover the garnished wages.

In the present case, the transfer has not yet been avoided, and, thus, § 550(f)(1) is not implicated. Further, § 550(f)(2) speaks only to recovery of an avoided transfer and not to avoidance of that transfer itself[5]. Thus, the Debtor is not barred by § 550(f)(2) from avoiding the garnishment of her wages by American.

However, the issue of recovery of the avoided transfer must still be addressed. *Collier on Bankruptcy* ¶ 550.07 reads

Section 550 contains its own statute of limitations in subsection (f). Under this section, an action to recover avoided transfers of property must be brought no later than the earlier of one year after the transfer was avoided or the date the case is closed or dismissed.

When read together with section 546(a), subsection (f) underscores the distinction between the trustee's right to avoid a transfer and his or her right to recover property or its value for the transferee of an avoided transfer or from an entity for whose benefit the transfer was made ... *The Code is not clear whether an action may be brought to recover from the transferee of an avoided transfer after a case is closed but reopened within one year after the transfer is avoided.* (Footnotes omitted) (Italics added).

The Debtor argues that the reopening of her case removes her attempt to recover the garnished wages from the statute of limitations embodied in § 550(f). However, the plain language of the statute pro-

---

**3.** "The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such a transfer."

**4.** "(l) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) or this

section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title ..."

**5.** The 4th Circuit reversed and remanded without published opinion the District Court's decision in *Beneficial Finance Co. v. Franklin,* 26 B.R. 636 (W.D.Va.1983), vacated mem. 714 F.2d 127 (4th Cir.1983), (holding that § 550 does impose a statute of limitations on debtors seeking to avoid liens as recovery of the avoidable transfer would be futile).

hibits the recovery of an avoidable or avoided transfer once the case is closed. § 550(f)(2) does not prohibit recovery actions "while the case is closed." Rather, it prohibits actions for recovery under the section after "the *time* the case is closed ..." Thus, the statute runs once the case is closed. To read § 550 as the Debtor urges would remove § 550(f)(2) as any barrier to actions to recover avoided transfers. Under the Debtor's theory of the statute, a debtor or trustee would merely need to move for reopening of the case less than one year from the time the transfer was avoided in order to avoid the bar of § 550(f)(2). If read as the Debtor urges, § 550(f)(2) would only prohibit actions to recover avoided transfers while a case was closed. Such a reading is contrary to the statute's plain language. *See United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

■ The Debtor also argues that American should not be able to raise the issue of a statute of limitations in response to this complaint. Rather, the Debtor argues that American should have raised the issue in response to the motion to reopen. The Debtor has provided no authority for this proposition, and the Court finds it to be without merit.

Accordingly, it is

ORDERED:

That the Debtor is barred from recovering the wages garnished by American General Finance, Inc. pursuant to 11 U.S.C. § 550(f)(2).